<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WAVERLY MCCRAY, | Civil Action No. 14-0824 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| JAMES F. WITTIG, et al., | |
| Defendants. | |

**APPEARANCES**:

> WAVERLY MCCRAY #268999
> Passaic County Jail
> 11 Sheriffs Plaza
> Paterson, NJ 07501
> Plaintiff *Pro Se*

<u>**MARTINI, District Judge**</u>:

Waverly McCray, a pretrial detainee confined at Passaic County Jail in New Jersey, seeks to file a Complaint asserting claims under 42 U.S.C. § 1983 without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed *in forma pauperis.* For the reasons expressed in this Opinion, and as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

**I.   BACKGROUND**

Waverly McCray brings this Complaint under 42 U.S.C. § 1983 against James F. Wittig, former Paterson Police Chief; William Fraher, former Paterson Deputy Police Chief; Richard Martinez, a detective with the Paterson Police Department; and "all of the Paterson Police Department." (Complaint, ECF No. 1 at 1.) He asserts the following facts, which this Court is required to regard as true for the purposes of this review. Plaintiff asserts that on the afternoon of

Saturday, June 2, 2012, he was taken into the custody of the Paterson Police Department based on criminal complaints. He alleges that, after processing, Detective Martinez placed him in a holding cell, where he remained for two days. Plaintiff alleges that the holding cell was "freezing," the walls and floors of the cell had spit and blood on them, the toilet and sink had urine and feces on them, the mattress was filthy and contained holes, and he was not given soap, a sheet, a blanket, a toothbrush, toothpaste, or cleaning supplies. He asserts that "sleep was impossible because of [the] freezing cell and lack [of] sheets and blanket." *Id.* at 7. He alleges that the food he received over his two-day confinement consisted of a bologna sandwich and a half-pint of juice, which he received on Sunday afternoon at 3:00 pm and again on Monday at 1:00 pm. Plaintiff asserts that unspecified authorities ignored him, even though his wife called to complain about the conditions of his confinement. He alleges that for years, the City of Paterson has had a policy and practice of keeping people who were arrested during the weekend in a holding cell at the police station until Monday, at which time the arrestee is taken before a judge, even though the Passaic County Jail is only five blocks away from the police complex. Plaintiff maintains that the "chief authority should have a system in place to provide the basics mandated by state and federal law." *Id.* at 8. He claims that Defendants violated his constitutional rights by "denying [him] the minimum standards of adequate heating, sheets, blankets, adequate food, personal and general hygienic supplies [which caused] extreme pain, suffering, and discomfort for two days." *Id.* He seeks injunctive relief and damages.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks

2

redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis,* he is a prisoner as defined by the Act, and he seeks redress from governmental employees.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff must show two elements:   (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Detainees are protected from punishment without due process of law under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Bistrian v. Levi*, 696 F.3d 352, 373-74 (3d Cir. 2012). That inquiry generally involves application of the Eighth Amendment deliberate indifference standard, insofar as "the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Mass. Gen.*

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

*Hosp.*, 463 U.S. 239, 244 (1983)).  The Third Circuit has "distilled the Supreme Court's teachings in *Bell* into a two-part test.  [A court] must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes." *Hubbard v. Taylor*, 538 F. 3d 229, 232 (3d Cir. 2008) (citation and internal quotation marks omitted).  However, "[i]n assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time[.]" *Hubbard v. Taylor*, 399 F.3d at 159 (quoting *Union County Jail Inmates v. DiBuono*, 713 F.2d 984, 992 (3d Cir. 1983)).  "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll,* 495 F.3d 62, 68 (3d Cir. 2007).  The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 298 (1991).

To satisfy the objective component, an inmate must show that he was subjected to privation and hardship over an extended period of time.  *See Bell*, 441 U.S. at 542 (confining pretrial detainees "in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment"); *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards.  A filthy . . . cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months").  To satisfy the subjective component, an inmate must assert facts showing that the person being sued was deliberately indifferent to his health or safety, *i.e.,* plaintiff

5

must "show that the official was subjectively aware" of the allegedly substandard conditions and failed to reasonably respond to the risk to the inmate's safety or health.  *See Farmer v. Brennan*, 511 U.S. 825, 829 (1994).

In this case, Plaintiff complains that Detective Martinez placed him into an unsanitary holding cell where he was confined for two days without bedding, cleaning supplies, articles pf personal hygiene or adequate food.   While this Court does not in any way condone the conditions of confinement described by Plaintiff, this Court's jurisdiction is limited to remedying conditions that rise to an unconstitutional level.  Because Plaintiff was confined in the holding cell under deplorable conditions for only two days, and he did not suffer any physical injury, his allegations do not show that he was unconstitutionally punished, *i.e.,* the facts alleged in the Complaint do not show that Plaintiff endured privation and hardship over an extended period of time.  *See Bell,* 441 U.S. at 537 ("the fact that such detention interferes with a detainee's understandable desire to live as comfortably as possible . . . does not convert the conditions or restrictions of detention into 'punishment'"); *Brown v. Hamilton Tp. Police Dept. Mercer County, N.J.*, 547 F.App'x 96 (3d Cir. 2013) (holding that, although police's failure for a short period of time to provide adequate sanitary conditions "may have resulted in discomfort," it was "not sufficiently serious" to violate arrestee's constitutional rights); *Tapp v. Proto,* 404 F.App'x 563, 567 (3d Cir. 2010) (holding that detainee's confinement for six weeks with two other people in cell where the temperature was too high and he was given clothes that had been previously worn by other inmates did not amount to the type of hardship that violates the Due Process Clause); *Hubbard*, 538 F. 3d at 235 (holding that triple celling of detainees and use of floor mattresses did not violate Due Process because the inmates "were not subjected to genuine privations and hardship over an extended period of time");

6

*Foreman v. Lowe*, 261 F.App'x 401 (3d Cir. 2008) (holding that immigration detainee's confinement in maximum security did not violate due process). Thus, as written, the Complaint does not satisfy the objective component of an unconstitutional punishment claim under § 1983.

In addition, Plaintiff's allegations do not satisfy the subjective component of an unconstitutional conditions of confinement claim with respect to the former Police Chief and former Deputy Police Chief. He asserts that the former Police Chief and former Deputy Police Chief violated his constitutional rights by knowingly allowing a policy and practice that places arrestees in unsanitary and inhumane conditions in a holding cell at the police station. But Plaintiff does not assert facts to substantiate his conclusory allegations that the former police chief and former deputy chief knew about the physical condition of the holding cell in which Plaintiff was confined, or that these officials were aware that Plaintiff was not given bedding, personal hygiene products, cleaning products, or adequate nutrition for two days. Plaintiff does not satisfy the subjective component with respect to these defendants because he does not assert facts showing that they were personally involved in Plaintiff's confinement or that they were aware of and failed to reasonably respond to the risks posed by holding Plaintiff for two days under such conditions. *See Iqbal*, 556 U.S. at 676 (holding that supervisors are not automatically liable under § 1983 for the misdeeds of their subordinates: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

Plaintiff's allegations with respect to Detective Martinez pose a closer question. Plaintiff asserts that Detective Martinez was the police officer who actually placed him in the filthy holding cell. Accordingly, one can infer that Martinez knew that there was spit and blood on the walls and floor of the cell and that the toilet and sink were unsanitary. However, Plaintiff does not assert that Martinez was at the police station over the weekend, or that Martinez even knew that, after placing Plaintiff in the holding cell, Plaintiff was not given cleaning supplies, bedding, personal hygiene items or adequate nutrition. Nor do Plaintiff's allegations show that Martinez knew that Plaintiff remained in the holding cell under these conditions for two days. Thus, as written, Plaintiff's allegations do not show that Martinez was deliberately indifferent to a risk to Plaintiff's health and safety. Because the Complaint does not assert facts that plausibly show that Defendants inflicted unconstitutional punishment, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

B.   Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In this case, it is conceivable that Plaintiff may be able to state a claim under 42 U.S.C. § 1983 by alleging additional facts to correct the deficiencies found in the Complaint. This Court will, accordingly, grant Plaintiff leave to file an amended complaint that is complete on its face and states a claim under § 1983 with respect to the conditions of his confinement at the Paterson Police Station.

## III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim upon which relief may be granted.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: April 21, 2014