UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WAVERLY MCCRAY,** | Civ. No. 14-824 (WJM) |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| **JAMES F. WITTIG,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Waverly McCray, a prisoner confined at Bayside State Prison in New Jersey, seeks to assert claims under 42 U.S.C. § 1983 without prepaying the filing fee. The Court received McCray's original Complaint in this action on January 28, 2014. The Court granted Plaintiff's application to proceed in forma pauperis and dismissed the Complaint for failure to state a claim upon which relief may be granted. The Court also granted McCray leave to file an amendment to his Complaint.

      McCray now seeks to file an Amended Complaint. The Court will grant Plaintiff's application to proceed in forma pauperis. However, for the reasons explained below, and as required by 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.

      The allegations in McCray's Amended Complaint are virtually identical to those in his original Complaint. McCray seeks recovery under 42 U.S.C. § 1983 against James F. Wittig, former Paterson Police Chief; Richard Martinez, a detective with the Paterson Police Department; William Fraher, former Paterson Deputy Police Chief; and "all of the Paterson Police Department." Am. Compl., ECF No. 4. He asserts that on the afternoon of Saturday, June 2, 2012, he was taken into the custody of the Paterson Police Department based on criminal complaints. *Id.* at 6. He alleges that, after processing, Detective Martinez placed him in a holding cell, where he remained for two days. *Id.* at 6-7. Plaintiff alleges that the holding cell was "freezing," the walls and floors of the cell had spit and blood on them, the toilet and sink had urine and feces on them, the mattress was filthy and contained holes, and he was not given soap, a sheet, a blanket, a toothbrush, toothpaste, or cleaning supplies. *Id.* at 6. He asserts that "sleep was

1

impossible because of [the] freezing cell and lack [of] sheets and blanket." *Id.* He alleges that the food he received over his two-day confinement consisted of a bologna sandwich and a half-pint of juice, which he received on Sunday afternoon at 3:00 pm and again on Monday at 1:00 pm. *Id.* at 6-7. Plaintiff asserts that unspecified authorities ignored him, even though his wife called to complain about the conditions of his confinement. *Id.* at 7.

McCray alleges that the City of Paterson has a longstanding policy and practice of keeping people who are arrested during the weekend in a holding cell at the police station until Monday, at which time the arrestee is taken before a judge. *Id.* McCray refers to this practice as the "weekend rule." *Id.* at 8. Plaintiff maintains that the "chief authorities should have a system in place to provide the basics mandated by state and federal law" during the weekend-long holding period, but do not. *Id.* at 7. He claims that Defendants violated his constitutional rights by denying him "the minimum standards of adequate heating, sheets, blankets, adequate food[,] personal and general hygienic supplies . . . . Thus causing [him] extreme pain, suffering, and discomfort for two days." Id. He seeks injunctive relief and damages.

"Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Here, the Amended Complaint fails to state a claim for the same reason set forth in this Court's opinion dismissing McCray's original Complaint. *See McCray v. Wittig*, No. 14-0824, 2014 WL 1607355, at *3 (D.N.J. Apr. 21, 2014). Specifically, the alleged deprivations are not sufficiently serious to implicate McCray's constitutional rights. *See Bell v. Wolfish*, 441 U.S. 520, 537 (1979) (holding that "the fact that such detention interferes with a detainee's understandable desire to live as comfortably as possible . . . does not convert the conditions or restrictions of detention into 'punishment'"); *Brown v. Hamilton Tp. Police Dept. Mercer County, N.J.*, 547 F. App'x 96 (3d Cir. 2013) (holding that, although police's failure for a short period of time to provide adequate sanitary conditions "may have resulted in discomfort," it was "not sufficiently serious" to violate arrestee's constitutional rights). Thus, the Amended Complaint is dismissed.

Further, the Court finds that amendment would be futile. McCray cannot show that his constitutional rights were violated based on these facts. Thus, the Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                          /s/ William J. Martini
                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 9, 2015**